UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JACOB MCINTYRE, )
 )
        Petitioner, )
 )
vs. ) No. 1:17-cv-01673-TWP-MJD
 )
SUPERINTENDENT Plainfield Correctional )
Facility, )
 )
        Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Jacob McIntyre ("Mr. McIntyre") challenging a prison disciplinary proceeding identified as No. IYC 17-02-0208. For the reasons explained in this Entry, Mr. McIntyre's habeas petition is **denied**.

    **A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On February 21, 2017, Investigator Prulhiere wrote a conduct report in case IYC 17-02-0208 charging Mr. McIntyre with conspiracy to commit trafficking with a civilian or a staff member. Dkt. 9-1. The conduct report states:

> On February 21, 2017 at approximately 9:00 am, I, Investigator P. Prulhiere completed an investigation of conspiracy to commit trafficking with a civilian. As a result of this investigation, I have found sufficient evidence to charge Offender Jacob McIntyre 245088 with this charge.

*Id*. The conduct report references confidential case packet 17-IYC-0023, which was provided to the Court ex parte, dkt. 11, but was not provided to Mr. McIntyre before his hearing. In addition to the conduct report and the confidential case file, Investigator Prulhiere also wrote a non-confidential report of the investigation, which provided:

> On February 21, 2017, I, Investigator P. Prulhiere completed an investigation of an offender, working with a civilian, to use the US Mail to smuggle in synthetic drug chemical agents sprayed on greeting cards. On the morning of January 12, 2017, Plainfield Correctional Facility Mail Room staffs confiscated 3 envelopes containing greeting cards that were addressed to Offender Jacob McIntyre 245088. The contents of these envelopes were inspected and found to have been contaminated with a chemical substance. These items were taken to the investigations Office where they were field tested and found to receive a positive response for a version of synthetic marijuana or most commonly referred to as "K2 spice". Surveillance resources were used in gathering information that has lead [sic] to knowledge used to assist in the identification of the receiving offender, the pathway of delivery, the chemical agent used in the treatment of the greeting cards and the primary suspect who manufactured and sent the cards through the mail. All investigative resources, process and names of any witnesses or informants is contained in confidential case file 17-IYC-0023.

Dkt. 9-2.

On February 21, 2017, Mr. McIntyre was notified of the charge of conspiracy to commit trafficking with a civilian and served with a copy of the conduct report, dkt. 9-1, a copy of the non-confidential investigative report, dkt. 9-2, and a copy of the notice of disciplinary hearing "screening report," dkt. 9-3. Mr. McIntyre pleaded not guilty. Dkt. 9-4. He requested,

2

and was appointed, a lay advocate. Dkts. 9-3, 9-4. Mr. McIntyre did not request any witnesses, but he did request confidential case file 17-IYC-0023 as physical evidence. Dkt. 9-3. His request for the confidential file was denied.

A hearing was held on February 24, 2017. Dkt. 9-5. Mr. McIntyre pleaded not guilty and made the following statement: "I don't know any of these people. I can't help what people send me in the mail. I don't get to see the evidence" *Id*. After considering the staff reports, Mr. McIntyre's statement, and the confidential case file, Mr. McIntyre was found guilty. *Id*. He was sanctioned with the loss of 180 days earned credit time and a demotion from credit class I to credit class II. *Id*.

Mr. McIntyre's appeals to the facility head and final reviewing authority for the Indiana Department of Correction were denied. Dkts. 9-6, 9-7. Having exhausted all administrative remedies, he then brought this action for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. McIntyre raises three grounds for relief in his habeas petition. First, he argues that, despite his requests, he was not provided with any evidence against him. Second, he argues that he has "no connection to any civilian involved in this case." Dkt. 2. Finally, he argues that he has no control over who sends him mail. *Id*. In essence, Mr. McIntyre's claims challenge the sufficiency of the evidence against him and the adequacy of the due process provided.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion

reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

Although Mr. McIntyre argues that he had no contact with any civilian involved in the trafficking scheme, the charge against him does not require direct contact with a civilian. Instead, he was convicted of conspiring to engage in trafficking with a civilian. It is possible for him to have conspired with another inmate who then communicated with a civilian to execute the planned trafficking.

The mere fact that mail containing contraband was addressed to Mr. McIntyre is "some evidence" that he conspired to commit trafficking. This circumstantial evidence demonstrates that the "result is not arbitrary." *Ellison*, 820 F.3d at 274. The evidence is therefore sufficient to sustain the disciplinary conviction.

Mr. McIntyre's claim that he was denied due process because he was not provided with the confidential report or the mail allegedly containing contraband also fails. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)

4

("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

Prison officials are not "required to allow the presentation of evidence that could threaten institutional safety or correctional goals." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007); *see also Donelson v. Pfister*, 811 F.3d 911, 918 (7th Cir. 2016) (holding that "[p]rison authorities are not compelled to accept requests [for evidence] that threaten institutional goals" (citation and quotation marks omitted)); *see also Piggie*, 344 F.3d at 679 ("[W]e have had no trouble approving of non-disclosure [of video evidence] where prison officials have asserted a bona fide security justification, for example, that if the inmate were permitted to watch the tape, he might learn the location and capabilities of the prison surveillance system, thus allowing him to avoid detection in the future.").

Mr. McIntyre was provided the non-confidential investigative report more than twenty-four hours before his disciplinary hearing. Dkt. 9-2. The report informed him that the factual basis of his charge was the receipt in the mail room of three greeting cards addressed to Mr. McIntyre that tested positive for synthetic marijuana. The report provided him with sufficient information to prepare a defense. *Id*. Additional evidence contained in the confidential investigative report was also reviewed by the disciplinary hearing board. Due process does not require that Mr. McIntyre be permitted to review the confidential evidence. Prison authorities are permitted to deny requests for evidence that would undermine investigative and enforcement efforts. Here, prison officials did not want to reveal investigative techniques that could assist inmates in circumventing prison policies in the future. The Court finds those concerns to be valid. *See Scruggs*, 485 F.3d at 940.

Furthermore, the Court has reviewed the confidential investigative report. Its contents do not contain exculpatory evidence, therefore, Mr. McIntyre was not entitled to view it. *Jones v.*

*Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (due process only requires the disclosure of exculpatory evidence).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. McIntyre to the relief he seeks. Accordingly, Mr. McIntyre's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/24/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and to:

JACOB MCINTYRE
245088
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant - Court only